CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 18 2008

JOHN F. CORCORAN, CLERK
BY: ＼＼＼＼＼＼
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BERTHA BLACKISTON, | Civil Action No. 7:07CV00245 |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION** |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | By: Hon. Glen E. Conrad United States District Judge |
| Defendant. | |

Plaintiff filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claims for disability insurance benefits and supplemental security income benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423, and 42 U.S.C. § 1381 et seq., respectively. Jurisdiction of this court is established pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3).

By Standing Order, Judge Samuel G. Wilson referred this case to United States Magistrate Judge Michael F. Urbanski pursuant to 28 U.S.C. § 636(b)(1)(B). The magistrate judge submitted a Report and Recommendation on April 16, 2008, in which he recommends that the Commissioner's final decision be affirmed. The plaintiff filed timely objections to the magistrate judge's Report and Recommendation. Having now determined that he experiences a conflict in this case which warrants recusal, Judge Wilson has transferred the case to the undersigned United States District Judge for consideration of plaintiff's objections and entry of an appropriate judgment.

The plaintiff, Bertha Blackiston, was born on April 2, 1961 and eventually reached the eleventh grade in school. Ms. Blackiston has earned a GED certificate. Plaintiff has been employed primarily as an inventory worker for Home Shopping Network. She last worked on a regular and sustained basis in 2005. On January 23, 2006, Ms. Blackiston filed applications for disability

insurance benefits and supplemental security income benefits. Plaintiff alleged that she became disabled for all forms of substantial gainful employment on April 12, 2005 due to chronic pain associated with a disorder in her coccyx. Ms. Blackiston now maintains that she has remained disabled to the present time. As to her application for disability insurance benefits, the record reveals that plaintiff met the insured status requirements of the Act at all relevant times covered by the final decision of the Commissioner. See gen., 42 U.S.C. § 423.

Ms. Blackiston's claims were denied upon initial consideration and reconsideration. She then then requested and received a de novo hearing and review before an Administrative Law Judge. In an opinion dated March 6, 2007, the Law Judge also determined that plaintiff is not disabled. The Law Judge found that Ms. Blackiston suffers from degenerative disc disease, coccydynia, and depression. The Law Judge also noted that plaintiff experiences possible right carpal tunnel syndrome, which is not severe. Despite these impairments, the Law Judge found that Ms. Blackiston retains sufficient functional capacity to return to her past relevant work as an inventory clerk. Even assuming that Ms. Blackiston is disabled for past relevant work activity, and after considering plaintiff's age, education, and prior work experience, as well as testimony from a vocational expert, the Law Judge also ruled that plaintiff retains sufficient functional capacity to perform several alternate work roles which exist in substantial number in the national economy. Accordingly, the Law Judge ultimately concluded that Ms. Blackiston is not disabled, and that she is not entitled to benefits under either federal program. See 20 C.F.R. § 404.1520(f)-(g) and 416.920(f)-(g). The Law Judge's opinion was adopted as the final decision of the Commissioner by the Social Security Administration's Appeals Council. Having exhausted all available administrative remedies, Ms. Blackiston has now appealed to this court.

2

Case 7:07-cv-00245-GEC-mfu   Document 21   Filed 06/18/08   Page 2 of 7   Pageid#: 75

While plaintiff may be disabled for certain forms of employment, the crucial factual determination is whether plaintiff is disabled for all forms of substantial gainful employment. See 42 U.S.C. §§ 423(d)(2) and 1382c(a). There are four elements of proof which must be considered in making such an analysis. These elements are summarized as follows: (1) objective medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through a claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

The magistrate judge concluded that there is substantial evidence to support the Law Judge's finding that Ms. Blackiston retains sufficient functional capacity to return to her past relevant work role. The magistrate judge observed that plaintiff's medical records suggest longstanding complaints of pain in the lower back and coccyx. The magistrate judge recognized that a pain specialist, Dr. Murray E. Joiner, Jr., had treated Ms. Blackiston over a period of time. The medical record reflects that Dr. Joiner established a working diagnosis of coccydynia, and that he treated Ms. Blackiston through conservative measures as well as steroid injections for pain control. The magistrate judge noted that Dr. Joiner had completed a work capacity evaluation on December 6, 2005, which suggested disability for sustained work activity at any exertional level. However, the magistrate judge agreed with the Administrative Law Judge that this assessment by Dr. Joiner was inconsistent with Dr. Joiner's own objective findings as well as the remaining medical reports of record.

In objecting to the magistrate judge's Report and Recommendation, plaintiff focuses on the magistrate judge's assessment of Dr. Joiner's physical capacities evaluation. Plaintiff notes that, assuming the restrictions identified by Dr. Joiner in this report, the vocational expert opined that

3

plaintiff would be unable to perform any substantial gainful employment. Plaintiff also points out that under 20 C.F.R. §§ 404.1527(d)(2) and 416.927(d)(2), reports and assessments from treating physicians, such as Dr. Joiner, should receive greater weight based on the nature and the duration of the physician/patient relationship.

After a review of the magistrate judge's report, the objections filed by plaintiff, and the administrative record, the court is constrained to conclude that the Commissioner's final decision denying entitlement to disability insurance benefits and supplemental security income benefits is supported by substantial evidence. The court agrees with plaintiff's contention that the reports from nonexamining state agency physicians are entitled to much less weight than the assessments, findings, and opinions of a treating medical source such as Dr. Joiner. See 20 C.F.R. §§ 404.1527(d)(1) and 416.927(d)(1). Indeed, inasmuch as Dr. Joiner qualifies as a pain management specialist, it is arguable that his assessments are entitled to even greater weight than those of a general practitioner. See 20 C.F.R. §§ 404.1527(d)(5) and 416.927(d)(5). However, the fact remains that Dr. Joiner's specific findings set forth in his work capacities evaluation of December 6, 2005 are simply not consistent with his own objective findings.

It seems that Ms. Blackiston first sought medical treatment for pain in her coccyx in April of 2005, the month in which she last worked on a regular and sustained basis. Despite her complaints, an MRI as well as x-rays of the lumbosacral spine, all proved negative. Ms. Blackiston eventually saw an orthopedic specialist, Dr. John Edwards. Dr. Edwards opined that plaintiff was limited to light work activity, at least through August 8, 2005. (TR 294).

Dr. Joiner first saw Ms. Blackiston on August 8, 2005 on referral from Dr. John Saddler. Based on plaintiff's complaints of pain in the lower back and coccyx, Dr. Joiner undertook treatment

4

through conservative measures, as well as through a series of steroid injections. Throughout the fall of 2005, Dr. Joiner reported somewhat worsening complaints despite treatment. As previously noted, the work capacities evaluation completed by Dr. Joiner on December 6, 2005 indicated that Ms. Blackiston could not perform sustained work at any exertional level. Shortly thereafter, an MRI ordered by Dr. Joiner proved totally negative. (TR 210). While Dr. Joiner noted some improvement during the spring of 2006 (TR 263, 265, 267), Ms. Blackiston continued to complain of severe and debilitating pain. On January 24, 2007, Dr. Joiner declined to complete a new physical capabilities and limitations worksheet, noting that plaintiff had been out of work prior to the time that he first saw her, and that he had not "changed" her work status. (TR 301-02).

While the court does not doubt that plaintiff is sincere in her expressions of pain, the medical record simply fails to document the existence of any objective condition which could be reasonably expected to produce totally disabling physical manifestations. All of the objective studies in Ms. Blackiston's case have been negative. Moreover, Dr. Joiner has not reported any clinical findings or observations which are consistent with his assessment of plaintiff's residual functional capacity. Furthermore, none of the other treating sources has detected any physical signs or manifestations of totally disabling mechanical defect in plaintiff's lower back and tail bone. While it is true that the opinions of treating medical sources are entitled to great weight, the same regulatory provision requires that, in order to be given controlling weight, a medical opinion must be supported by signs, findings, and explanations. See 20 C.F.R. §§ 404.1527(d)(3) and 416.927(d)(3). The court believes that the Commissioner might reasonably conclude that Dr. Joiner's opinion in this case is not properly documented. Inasmuch as Dr. Joiner's assessment of December 6, 2005 provides the only

real support for plaintiff's claims for benefits, it follows that the Commissioner's final decision denying entitlement is supported by substantial evidence.

In passing, the court recognizes that the Administrative Law Judge decided Ms. Blackiston's case on alternate grounds. Even assuming that Dr. Edwards' report and Dr. Joiner's assessment can be read to suggest that Ms. Blackiston has been disabled for her past relevant work role for over a year, the medical record contains abundant evidence to support the notion that plaintiff has retained sufficient functional capacity to perform alternate work roles which are not as rigorous as that previously performed by plaintiff as an inventory clerk. Stated differently, even assuming that Ms. Blackiston is no longer able to do the lifting and climbing required of an inventory clerk, and even assuming that she is now relegated to light work duty, as suggested by plaintiff at the administrative hearing (TR 330-31), the court believes that the Administrative Law Judge properly relied on the testimony of the vocational expert in determining that Ms. Blackiston still retains the capacity to perform lighter work roles in which she is permitted to sit or stand at will. (TR 352-56).

As noted above, in affirming the Commissioner's final decision, the court does not suggest that Ms. Blackiston is free of all pain, discomfort, weakness, and fatigue. Indeed, Dr. Joiner's medical notes confirm that plaintiff suffers from significant physical problems, which can be expected to result in symptoms of pain and weakness. However, it must again be noted that no doctor has identified such physical manifestations as would support a finding of total disability for all forms of work activity. It must also be recognized that the inability to do work without any subjective discomfort does not of itself render a claimant totally disabled. <u>Craig v. Chater</u>, 76 F.3d 585, 594-95 (4th Cir. 1996). Once again, it appears to the court that the Administrative Law Judge considered all of the subjective factors reasonably supported by the medical record in adjudicating

6

plaintiff's claims for benefits. Indeed, the court believes that the Administrative Law Judge gave Ms. Blackiston the benefit of the doubt in assessing her case under the assumption of disability for past relevant work. It follows that all facets of the Commissioner's final decision are supported by substantial evidence.

As a general rule, resolution of conflicts in the evidence is a matter within the province of the Commissioner even if the court might resolve the conflicts differently. <u>Richardson v. Perales</u>, <u>supra</u>; <u>Oppenheim v. Finch</u>, 495 F.2d 396 (4th Cir. 1974). For the reasons stated, the court finds the Commissioner's resolution of the pertinent conflicts in the record in this case to be supported by substantial evidence. Accordingly, the objections to the Report and Recommendation of the magistrate judge will be overruled, and the final decision of the Commissioner will be affirmed. <u>Laws v. Celebrezze</u>, <u>supra</u>. An appropriate judgment and order will be entered this day.

The clerk is directed to send certified copies of this opinion to all counsel of record.

DATED: This 18th day of June, 2008.

_/s/ Glen Conrad_
United States District Judge